# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BILLY CANNON**,

               Plaintiff,

v.                                       **Case No. 15-cv-1397-pp**

**DEAN NEWPORT, et al.,**

               Defendants.

## DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), SCREENING THE PLAINTIFF'S COMPLAINT, AND DISMISSING THE COMPLAINT AS TIME-BARRED

On November 23, 2015, the plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. The case is before the court on the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) and for screening of the plaintiff's complaint (Dkt. No. 1).

## I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the

1

initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 8, 2015, the court ordered the plaintiff to pay an initial partial filing fee of $48.98. Dkt. No. 4. The plaintiff made a payment of $50.00 on December 21, 2015. The court grants the plaintiff's motion for leave to proceed *in forma pauperis*, and allows him to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

**II.     SCREENING OF THE PLAINTIFF'S COMPLAINT**

A.     Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

2

(1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that the defendants: 1) deprived of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. Buchanan-Moore v. Cnty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro*

3

*se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.     Analysis of the Plaintiff's Complaint

The plaintiff alleges a series of events that resulted in two "illegal detentions": the first lasted from March 17, 2009 through August 17, 2009, and the second lasted from August 29, 2009 through September 3, 2009. Dkt. No. 1, ¶¶ 1-44. The plaintiff's claims relate only to these time periods; the complaint does not mention any events more recent than September 3, 2009—six years and almost four months ago. The plaintiff notes that he first raised these claims on August 30, 2013, in Case No. 13-cv-212 (E.D. Wis.). Judge Charles N. Clevert, Jr., dismissed the plaintiff's complaint without prejudice on February 11, 2014, after giving the plaintiff an opportunity to amend his complaint. The Seventh Circuit Court of Appeals affirmed the dismissal on August 22, 2014. (Case No. 14-1381.)

Under Wisconsin law, §1983 actions have a six-year statute of limitations. Gray v. Lacke, 885 F.2d 399, 409 (7th Cir. 1989); Wis. Stat. Ann. § 893.53. For the reasons the court explains below, the claims alleged in the the 2015 complaint are barred by the statute of limitations.

The plaintiff realizes that he has a statute of limitations problem, and he raises arguments to try to address it. The plaintiff first argues that, pursuant to Federal Rule of Civil Procedure 15(c)(1)(A), the claims in his current complaint should relate back to the date he filed the 2013 compliant that Judge Clevert

4

dismissed. Dkt. No. 1 at 19. Federal Rule of Civil Procedure 15, however, allows parties to *amend existing pleadings.* The plaintiff is not amending his prior complaint: Judge Clevert dismissed that complaint and closed the case. Thus, that complaint no longer is pending, and the plaintiff cannot amend a complaint that is no longer pending—that doesn't "exist" any longer. The relation-back doctrine does not apply when the prior complaint is no longer pending.

Next, the plaintiff argues that Judge Clevert tolled the statute of limitations when he dismissed the prior complaint, because Judge Clevert specified that he was dismissing the 2013 complaint without prejudice, thus giving the plaintiff permission to refile. Dkt. No. 1 at 19. The plaintiff is correct that when a court dismisses a complaint "without prejudice," that means that the plaintiff is not prohibited from filing another complaint containing the same claims *as long as that complaint complies with other relevant provisions of the law.* But putting the words "without prejudice" in an order of dismissal does not stop the limitations clock from running. Indeed, it does the opposite. The Seventh Circuit Court of Appeals has explained:

> . . . [I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from when the cause of action accrued, without interruption by that filing. In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed.

Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) (internal citations omitted).

5

As long as the plaintiff's 2013 complaint remained pending before Judge Clevert, the statute of limitations was tolled. But as soon as Judge Clevert dismissed the complaint, not only did the clock start up again, but all the tolled time was reinstated. Thus, when *this* court determines whether the plaintiff's claims are barred by the statute of limitations, the court looks only at the date the plaintiff's claims accrued (March through September 2009) and the date the plaintiff filed his current complaint (November 2015). The fact that the plaintiff filed a prior complaint, which Judge Clevert dismissed without prejudice, is irrelevant—it is as though the plaintiff never filed that prior complaint. This means that, in order for the plaintiff to have filed *this* complaint timely, he would have had to file it before September 3, 2015. He did not file the complaint until November 23, 2015—eighty-one days late.

Because the claims the plaintiff alleges in his complaint accrued more than six years prior to the plaintiff filing his complaint, his claims are time barred.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2). The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $300.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the

6

account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary of the Wisconsin Department of Corrections or his designee shall clearly identify the payments by the case name and number assigned to this action.

The court **ORDERS** that the complaint in this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

The court will mail a copy of this order to the institution where the plaintiff is incarcerated.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of December, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge