UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BILLY CANNON**,

                Plaintiff,

   v.                                          **Case No. 15-cv-1397-pp**

**DEAN NEWPORT, et al.**,

                Defendants.

---

**DECISION AND ORDER DENYING THE PLAINTIFF'S
MOTION FOR RECONSIDERATION (DKT. NO. 8)**

---

*Pro se* plaintiff Billy Cannon is a Wisconsin state prisoner. On December 28, 2015, the court dismissed the plaintiff's complaint because his claims were barred by the statute of limitations. Dkt. No. 6.[1] On January 11, 2016, the plaintiff filed a "Notice of and Motion for Reconsideration Pursuant to Fed. R. Civ. P. Rule 53." Dkt. No. 8. As an initial matter, the court notes that Fed. R. Civ. P. 54 does not provide a basis for parties to ask courts to reconsider their decisions. Rule 54 describes the required content for judgments. Indeed, there is no rule in the Federal Rules of Civil Procedure entitled "Motions for Reconsideration." The rules that come closest are F.R.C.P. 59, which allows a party to ask a court to alter or amend a judgment if certain conditions are met, and F.R.C.P. 60, which allows a party to seek relief from a judgment or order under certain conditons.

---

[1] For purposes of this decision, the court will assume the reader's familiarity with that decision and will not repeat the factual background or analysis here.

1

Federal Rule of Civil Procedure 59(e) serves a very limited purpose in civil litigation. A court may alter or amend a judgment pursuant to Rule 59(e) when there is newly discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Rule 59(e) requires that the movant "clearly establish" one of the aforementioned grounds for relief. Id. (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

The plaintiff argues that the court should reconsider its decision because (1) U.S. District Court Judge Charles N. Clevert abused his discretion when he dismissed the plaintiff's August 30, 2013 complaint; and (2) the statute of limitations does not bar the plaintiff's claims because he did not discover that his constitutional rights had been violated until June 21, 2013. Dkt. No. 1 at 1.

First, the plaintiff's August 30, 2013 complaint is not before this court, and the court has no authority to review Judge Clevert's decision to dismiss that complaint. The court notes, however, that the Seventh Circuit Court of Appeals—which *does* have the authority to review Judge Clevert's decision—affirmed that decision on July 24, 2014. (Case No. 14-1381) (unpublished). The court will not reconsider its decision on this basis.

Second, the plaintiff's claims focus on the defendants' alleged arrest of the plaintiff without a warrant or probable cause, and their alleged unlawful detention of the plaintiff. An injured party's "cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or

2

reasonably should know that the injury was caused by the wrongful acts of another." Lofton v. General Motors Corp., 691 F.2d 514, 517 (7th Cir. 1982) (citations omitted). The plaintiff's causes of action accrued at the time he was arrested and detained, because he reasonably should have known at that time of his alleged injury. The plaintiff argues in his motion that he did not realize that he had a fraudulent concealment claim until June 21, 2013. But he did not make a fraudulent concealment claim in his complaint. In his complaint, he alleged that in 2009, he was arrested without probable cause, held without probable cause, and prosecuted without cause, as well as being denied his Sixth Amendment right to counsel. All of these events occurred in 2009, and he was aware in 2009 that they were going on. This is not a situation such as a medical claim, where the plaintiff did not discover that a certain medication had caused side effects until years after he took it.

Accordingly, the plaintiff has not stated a basis for the court to alter or amend its ruling under Rule 59.

F.R.C.P. 60 allows a party to seek relief from a judgment (a) to correct clerical errors, or (b) to correct a mistake, to address newly-discovered evidence, to correct fraud, to correct a void judgment, or to take into account the satisfaction of a judgment. None of these factors are present here, so the plaintiff has not stated a basis for relief from the court's order of dismissal under Rule 60.

### III. CONCLUSION

The court **ORDERS** that the plaintiff's motion for reconsideration (Dkt. No. 8) is **DENIED**.

Dated in Milwaukee, Wisconsin this 15th day of January, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

4

Case 2:15-cv-01397-PP   Filed 01/15/16   Page 4 of 4   Document 9